# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEANDRE L. BLAIR,

                Plaintiff,

v.

CHRISTOPHER SCHMALING,

                Defendant.

Case No. 16-CV-1563-JPS

**ORDER**

Plaintiff, who is incarcerated at the Racine County Jail ("Racine"), filed a *pro se* complaint alleging, *inter alia*, that his civil rights were violated. (Docket #1). His action centers around allegations that jail officials are punishing him for refusing to take blood pressure medication. *See id.* Before the Court are two pending matters: (1) setting a schedule for discovery regarding the identities of the proper defendants in this case; and (2) resolving Plaintiff's motion for injunctive relief relating to forced administration of medication by Racine officials.

**1.    Deadline for Identifying the Proper Defendants**

All defendants save Christopher Schmaling ("Schmaling") were dismissed at screening as Plaintiff had not stated actionable claims against them. *See* (Docket #9). The claims permitted to proceed past screening are as follows: (1) a Fourteenth Amendment due process claim that Racine officials punished Plaintiff for refusing unwanted medication; (2) a Fourteenth Amendment claim for cruel and unusual punishment arising from the conditions of confinement to which Plaintiff was subjected after refusing medication; and (3) a Wisconsin state law claim for conversion based on alleged theft of Plaintiff's money to pay for medication which he refused, to pay duplicate booking fees, and to pay old debts. *See id.* at 7–9. The Court

noted in its screening order that Plaintiff had not named the Racine officials responsible for this alleged misconduct. *Id.* at 9. However, the Court ordered service on Schmaling, who is the warden at Racine, so that Plaintiff could seek discovery from him as to the identities of the appropriate individuals. *Id.* at 10–11.

Schmaling has now been served and has answered the complaint, so the Court will set a deadline for Plaintiff to conduct discovery as to the identities of the proper defendants in this case and amend his complaint accordingly. Plaintiff shall file an amended complaint in this case no later than **Friday, April 14, 2017** which names the proper defendants in this case. Plaintiff should be aware that Civil Local Rule 15 (E.D. Wis.) requires that "[a]ny amendment to a pleading. . .must reproduce the entire pleading as amended, *and may not incorporate any prior pleading by reference.*" Civil L. R. 15(a) (E.D. Wis.) (emphasis added). A copy of Civil Local Rule 15 (E.D. Wis.) is included with this order.

Between now and then, Plaintiff may use the discovery methods provided in the Federal Rules of Civil Procedure to request from Schmaling the information he needs to identify the proper defendants. Plaintiff is instructed that such discovery requests must be served on Schmaling by mail or other means of delivery. Simply filing discovery requests with the Court, either electronically or by mail, will not qualify as service of those requests pursuant to the Federal Rules of Civil Procedure. Additionally, the Court cautions Plaintiff that any discovery requests served on Schmaling should at this time be limited to the issue of identifying the individuals responsible for the conduct at issue in Plaintiff's remaining claims. Schmaling should be cooperative in responding to discovery requests he receives from Plaintiff.

If the proper defendants in this action are not identified by April 14, 2017, this action will be dismissed without further notice. The Court warns Plaintiff that **no extensions of this deadline will be granted**.

**2.      Plaintiff's Requests for Injunctive Relief Regarding Medications**

Plaintiff has filed a motion for preliminary injunctive relief against Racine officials, alleging that he continues to be punished for refusing to take blood pressure medication. (Docket #7). He claims that recently, when he has refused to take this medication, he has been placed on suicide watch. *Id.* Schmaling filed a response, arguing that each recent instance of placing Plaintiff on suicide watch was justified. (Docket #12 at 3–4). Schmaling further asserts that the motion should be denied as moot, since Racine correctional officials and medical staff have not placed Plaintiff on suicide watch since December 27, 2016. *Id.* at 3–5. Plaintiff filed a reply, which he mistakenly captioned as a separate motion. (Docket #15). In his reply, Plaintiff contends that the issues raised in the motion are not moot, since he could be placed on suicide watch again at any time. *Id.* at 1. Further, he argues that a preliminary injunction against Racine staff is necessary to prevent future punishment for his failure to take medications. *Id.* at 5–6.

Plaintiff's motion must be denied, for his submissions do not meet the high threshold required for the entry of preliminary injunctive relief. To obtain a preliminary injunction, Plaintiff must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *D.U. v. Rhoades*, 825 F.3d 331, 335 (7th Cir. 2016). A preliminary injunction is "an extraordinary remedy and is never awarded as of right." *Knox v. Shearing*, 637 F. App'x 226, 228 (7th Cir. 2016).

To meet this burden, Plaintiff must make a "clear showing that [he] is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Here, Plaintiff has not shown even a minimal likelihood of success on the merits of his case or that the irreparable harm he fears—additional punishment—is likely to occur in the absence of Court intervention. Plaintiff's unverified accusations of retribution and citation to Biblical principles do not carry his burden on either element. Moreover, the balance of equities weighs strongly against affording the relief he seeks. As a general rule the Court does not interfere in matters of prison administration and inmate medical care through preliminary injunctive relief. In fact, Congress has expressly cautioned against it. The Prison Litigation Reform Act of 1995 ("PLRA") provides that in considering the need for preliminary injunctive relief, "[t]he court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief[.]" 18 U.S.C. § 3626(a)(2); *see also Hewitt v. Helms*, 459 U.S. 460, 467 (1983) ("[P]rison officials have broad administrative and discretionary authority over the institutions they manage.").

The record is sparse as to what precipitated each instance of Plaintiff's placement on suicide watch. It appears that on at least one occasion, Plaintiff himself requested it. (Docket #12 at 4). Schmaling provides evidence that the other occasions were premised on the decision of jail medical staff that Plaintiff's untreated high blood pressure—which at times is as high as 210/140—was creating a substantial risk to his health. *Id.* Under these circumstances, the Court is inclined to defer to prison officials, particularly in matters of medical judgment. Plaintiff's concerns simply do not justify an extreme interference by the Court into prison administration before the adjudication of the merits of his claim. *Christian Legal Soc'y v. Walker*, 453 F.3d

853, 859 (7th Cir. 2006) (a court must "exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied"); *Graham v. Medical Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it.").

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for order regarding his medications (Docket #7) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint naming the proper defendants in this case no later than **Friday, April 14, 2017**. Failure to comply with this order will result in dismissal of this action without further notice.

Dated at Milwaukee, Wisconsin, this 21st day of February, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge