# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEANDRE L. BLAIR,

       Plaintiff,

v.

CHRISTOPHER SCHMALING,

       Defendant.

Case No. 16-CV-1563-JPS

**ORDER**

    During the period relevant to his complaint, Plaintiff was an inmate at the Racine County Jail. *See* (Docket #1). On January 9, 2017, the Court screened Plaintiff's complaint and dismissed all Defendants save Christopher Schmaling ("Schmaling"), the Racine County Sheriff. (Docket #9). The Court permitted several of Plaintiff's claims to proceed past screening, but noted that Plaintiff had not named anyone personally responsible for the challenged conduct. *Id.* at 9. Thus, the Court ordered service of the complaint on Schmaling, who, as sheriff, could engage in discovery with Plaintiff in an effort to identify the responsible parties. *Id.* at 9–10; *see also Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996).

    On February 21, 2017, after Schmaling answered the complaint, the Court issued an order giving Plaintiff two months to file an amended complaint identifying the individuals responsible for the conduct at issue in this case. (Docket #20 1–3). The Court instructed Plaintiff to use the discovery methods available under the Federal Rules of Civil Procedure to propound discovery requests on Schmaling for the purpose of identifying the relevant parties. *Id.* The Court warned that if Plaintiff did not identify the proper

defendants by April 14, 2017, the action would be dismissed without further notice. *Id.* at 3.

The April 14, 2017 deadline has passed and the Court has not received an amended complaint or any other communication from Plaintiff. Unlike the plaintiff in *Donald*, who made efforts to amend his complaint and communicate with the Court about identifying the proper defendants, here Plaintiff has totally ignored the Court's order. *See Donald*, 95 F.3d at 556. Without cooperation of any kind from Plaintiff, the Court is not inclined to undertake any of the other methods suggested in *Donald* for helping him identify the proper parties. *See id.* Further, the Court warned Plaintiff that failure to file an amended complaint within the prescribed period would result in dismissal of this action. *See Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006). Plaintiff has not heeded the Court's warning and, as a result, the Court will dismiss this action without prejudice for his failure to prosecute the same. *See* Civ. L. R. 41(c).

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to prosecute.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge